# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANTONIA PERALES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:14-cv-01160-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL |

Plaintiff Maria Antonia Perales ("Plaintiff") filed this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff's application for benefits under the Social Security Act. (ECF No. 1.) All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF Nos. 6, 8.)

Plaintiff applied for Social Security benefits due to impairments arising from bilateral carpal tunnel syndrome, polyarthralgias, and mild cervical degenerative disc disease. For the reasons set forth below, Plaintiff's appeal from the final decision of the Commissioner is denied.

/ / /

/ / /

/ / /

/ / /

# I.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff applied for Supplemental Security Income benefits on December 27, 2010. (AR 157.) Plaintiff's application was denied on June 2, 2011. (AR 84.) Plaintiff requested reconsideration on or around July 11, 2011. (AR 89.) Plaintiff's claim was denied on reconsideration on or around January 25, 2012. (AR 90.) Plaintiff requested a hearing on or around March 9, 2012. (AR 101.)

On December 10, 2012, a hearing took place before administrative law judge John Heyer ("the ALJ"). (AR 54-72.) On January 25, 2013, the ALJ issued a written decision finding Plaintiff to be not disabled. (AR 12-27.) Plaintiff requested a review of the ALJ's decision on or around March 25, 2013. (AR 11.) The Appeals Council denied Plaintiff's request for review on May 23, 2014. (AR 1.)

### A.     Plaintiff's Hearing Testimony

Plaintiff was born on January 5, 1956. (AR 58.) Plaintiff has a driver's license and can drive. (AR 58.) As of the date of the hearing (December 10, 2012), Plaintiff last worked on September 28, 2012 doing sorting and packing. (AR 58.) Before her job as a sorter and packer, Plaintiff worked as an in-home care assistant from February to June of 2010. (AR 58-59.) Prior to then, Plaintiff worked at the Ball House Parking Shop for 10-20 years. (AR 59.)

Plaintiff stated that she cannot work because she received surgery on her hand in August 2007, November 2007, and April 2008. (AR 60.) Plaintiff was told that she "couldn't do the same kind of job" after the surgery. (AR 60.) Plaintiff's doctor told Plaintiff she could work, but not doing the same things. (AR 60.)

Plaintiff estimates that the most she could lift would be a gallon of milk. (AR 60.) Plaintiff estimates that she could stand for two hours and walk for a little more than a half-hour. (AR 60.) Plaintiff stated that she could sit for about a half hour. (AR 61.)

///

---

[1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record). Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript. (<u>See</u> ECF No. 11.)

On a typical day, plaintiff puts the beds together, sweeps the house, cleans the kitchen and washes the dishes. (AR 61.) Plaintiff cleans the bathrooms, washes and dries the clothes, cleans up the yard, prepares everything to cook, and picks her son up at school. (AR 61.) Plaintiff goes grocery shopping, watches television and reads. (AR 61.) Plaintiff cannot wash all the dishes at once and has to take a break after about 15 minutes. (AR 64.)

Plaintiff takes Ibuprofen with Motrin for her pain. (AR 61-62.) It causes her to get dizzy and sleepy. (AR 62.) Plaintiff still suffers pain in her hands. (AR 64.) Plaintiff's pain is worse in her dominant right hand. (AR 64.) Plaintiff claimed that her pain level was ten out of ten, and the medication reduced it to six out of ten. (AR 66.) Plaintiff has to rest her hands for a total of three hours out of the day. (AR 66.) Plaintiff has trouble reaching for objects overhead and picking up small objects. (AR 66-67.) Plaintiff can button clothing but has problems with zippers. (AR 67.)

**B.    VE Testimony**

Kelly Bartlett testified as the vocational expert ("the VE") at the hearing before the ALJ on December 10, 2012. (AR 67.) The VE classified Plaintiff's past work as "sorter," "packer," and "companion." (AR 67-68.) The VE presented the following first set of hypothetical limitations to the VE:

- Can lift 20 pounds;
- Can sit, stand, and walk for six hours in an eight hour day; and
- Cannot speak English, can speak Spanish.

(AR 68.) The VE testified that a person with such hypothetical limitations could perform Plaintiff's past work as a "companion" and as a "sorter."

Plaintiff's attorney presented the following second set of hypothetical limitations to the VE:

- Can lift and carry 20 pounds occasionally, 10 pounds frequently;
- Only occasional bilateral hand control;
- Cannot climb ladders, ropes, or scaffolds;
- Cannot crawl; and

1  - Only occasional overhead reaching in the right upper extremity.

(AR 69.) The VE testified that a person with such hypothetical limitations could perform Plaintiff's past work as a companion but could not perform Plaintiff's past work as a sorter. (AR 69.) The VE noted that, according to the classification in the Dictionary of Occupational Titles, a person with such hypothetical limitations could not work as a companion, but the VE stated that Plaintiff was actually performing this work in 2011 and her personal knowledge of the "companion" job leads her to believe otherwise.

Plaintiff's attorney presented a third set of hypothetical limitations to the VE which was identical to the second, but with the added limitation that the person could only rarely use hand controls bilaterally. (AR 70-71.) The VE testified that such a person could not perform Plaintiff's past relevant work.

### C. The ALJ's Findings

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2012;
- Plaintiff has not engaged in substantial gainful activity since April 3, 2007, the alleged onset date;
- Plaintiff has the following severe impairments: bilateral carpal tunnel syndrome status post release, polyarthralgias, and mild cervical degenerative disc disease;
- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;
- Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except she cannot speak English;
- Plaintiff is capable of performing past relevant work as a sorter and companion; and
- Plaintiff has not been under a disability, as defined in the Social Security Act, from April 3, 2007, through the date of the ALJ's decision.

(AR 18-27.)

## II.

## LEGAL STANDARDS FOR JUDICIAL REVIEW OF SOCIAL SECURITY DETERMINATIONS

An individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). The Court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

## III.

## DISCUSSION AND ANALYSIS

The only issue raised by Plaintiff in this appeal is whether the ALJ erred in determining that Plaintiff could perform her past relevant work as a sorter and companion. Plaintiff argues that the ALJ erred at step four of the sequential process in determining that Plaintiff could perform her past work as a sorter or work as a home care provider.

"At step four [of the five-step disability determination process], claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e); Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir. 1990)).

> Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. [Citations.] This is done by looking at the "residual functional capacity and the physical and mental demands' of the claimant's past relevant work." [Citations.] The claimant must be able to perform:
> 1. The actual functional demands and job duties of a particular past relevant job; or
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy. [Citation.] This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work. [Citation.]

Based upon the testimony of the VE, the ALJ found that Plaintiff's past work included work as a packer, a sorter, and a caretaker/companion. The VE further found that Plaintiff could perform the duties of a sorter and a caretaker/companion even with the limitations found in Plaintiff's RFC (light work and cannot speak English).

Plaintiff argues that her past attempts to work cannot constitute "past relevant work" because her attempts to work did not rise to the level of "substantial gainful activity." The Social Security Regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1).

However, the facts support the ALJ's conclusion that Plaintiff's time as a sorter met the definition for "past relevant work," including the requirement that it was "substantial gainful activity." Plaintiff acknowledges that she worked as a sorter for nine months from July 2010 to March 2011. The records show that Plaintiff earned $7,006 from July 2010 to December 2010. Plaintiff earned $3,266 in the first quarter of 2011. Accordingly, Plaintiff earned a total of $10,272 during her nine month stint as a sorter. This qualifies as "substantial gainful activity," as the Social Security Regulations state that earnings of $1,000 per month constitute "substantial gainful activity." 20 C.F.R. §§ 404.1574(b); POMS DI 10501.015B, table 2.

Plaintiff argues that her time working should be disregarded as a "trial work period." Under 20 C.F.R. § 404.1592, the Social Security Regulations permit a claimant to test their ability to work while still being considered disabled. These provisions do not apply to Plaintiff,

as they only apply to persons who are already receiving disability benefits. <u>See</u> 20 C.F.R. § 404.1592(e) ("The trial work period begins with the month in which you become entitled to disability insurance benefits..."). Plaintiff also argues that work attempts up to six months can be disregarded as an unsuccessful work attempt. The facts showed that Plaintiff worked nine months from July 2010 to March 2011, making the six month unsuccessful work attempt provision inapplicable.

Finally, Plaintiff argues that the ALJ and the VE improperly characterized Plaintiff's work prior to 2010 at Bolthouse Farms as a "sorter" job when it should have been considered a composite job consisting of attributes of both sorting and packing. Any error is harmless, as the ALJ relied upon Plaintiff's past relevant work from July 2010 to March 2011 in concluding that Plaintiff was not disabled, which Plaintiff described as a "sorter" job. (AR 170, 276.) Plaintiff argues that the Court cannot consider work performed from July 2010 to March 2011 in considering whether Plaintiff was disabled prior to July 2010. Plaintiff cites no authority for this proposition. There is no suggestion in the record that Plaintiff's condition had improved in 2010 allowing her to work from July 2010 to March 2011. Accordingly, Plaintiff's ability to work during that time serves as substantial evidence that Plaintiff could have worked prior to 2010.

The Court finds that substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work as a sorter. The Court need not address the ALJ's findings regarding Plaintiff's ability to perform her past relevant work as a caretaker/companion, as any error would be harmless in light of the finding that Plaintiff could work as a sorter.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the ALJ's decision was supported by substantial evidence.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's appeal from the administrative decision of the Commissioner is DENIED;

///

    2.     JUDGMENT is entered in favor of Defendant Commissioner of Social Security and against Plaintiff Maria Antonia Perales; and

    3.     The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **May 7, 2015**

UNITED STATES MAGISTRATE JUDGE